# Martin O'Connor

*v.*

## Union Line Transportation Company.

1. EVIDENCE—*under plea of property in defendant, in replevin.* Under an issue upon a general plea of property in the defendant, in an action of replevin, the defendant may show any legal title to the property, no matter how derived.

2. If the defendant show, under such issue, that the property in controversy was sold by a proper officer, under a valid execution, issued on a valid judgment, before the commencement of the action of replevin, and he had become the purchaser, it will be sufficient to sustain the plea of property in himself.

3. Nor will the defendant be precluded from relying upon the particular title under his general plea of property in himself, merely because he may have set up the same title, specially, in another plea, upon which there is also an issue.

WRIT OF ERROR to the Circuit Court of the county of La Salle; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was an action of replevin, instituted in the court below, by the Union Line Transportation Company against Martin O'Connor, to recover possession of the canal boat Powhattan.

The various issues that were formed, and the instructions that were given and refused, are sufficiently set forth in the opinion of the court.

The defendant below, under some of the issues, claimed title to the property in question, under a sale made by virtue of an execution which issued upon a judgment previously rendered against the plaintiff.

The plaintiff contended, that the levy of the execution upon the property was made after the expiration of the term of office of the sheriff who made the levy, and after his successor had been elected and qualified, and therefore the levy and sale were made without authority, and passed no title to O'Connor.

The question of fact thereby presented was, whether the levy was made on the 1st day of December, or on the 18th day of that month, as shown by the indorsement on the execution. It appeared also, that the indorsements of the levy and the sale were signed by Waterman, "late" sheriff.

Upon this point,

*E. L. Waterman* testified, on behalf of the defendant, among other things, that he was elected sheriff of La Salle county, in November, 1856, for the term of two years; and that he qualified and took possession of the office as sheriff, about the 1st of December, 1856. He further stated, that A. E. Grow and William B. Chapman were his deputies. Upon being shown the indorsements on the execution, he said that he thought most of the handwriting of the levy was Mr. Grow's. He did not think the figure 8, in the date December

18, was made by Grow; nor did he think the word "late" before sheriff, was written by him or any of his deputies.

*A. E. Grow* testified, that he had no knowledge of making any levy of any execution after Warner, the successor of Waterman, qualified as sheriff. The main portion of the levy in question was in his handwriting; the word "late" was evidently put in the levy after it was made. He was certain he did not do it. He did not think the word "late" was there at the time the levy was made. His judgment was, that he did not put the word there. The "December" and "1858" were in his handwriting. He may have made the "18," but he did not make an "8" like that once in a thousand times.

The indorsement of the sale upon the execution was in Chapman's handwriting. The witness did not write the word "late" before sheriff, in that indorsement. The two "lates" were evidently written by the same person. In the indorsement of the sale, Waterman's name was not written in full; the latter part of Waterman's name looks as if it had been altered into "late."

*William B. Chapman*, another of Waterman's deputies, and the one who made the sale under the execution, testified that he made the indorsement of the sale on the back of the execution; the word "late" looked like an insertion; did not look like his handwriting. Waterman's name was not all written in the indorsement, or else something was written over the latter part of it.

*D. L. Hough*, who was the attorney of the company in the suit in which the judgment mentioned was rendered, testified, on the part of the plaintiff, that it was his impression that the word "late" was in the levy the first time he saw it; he was not certain; he did not see it until after the sale.

The evidence upon other points in the case is omitted, as having no bearing upon the questions decided by the court.

The jury returned a verdict in favor of the plaintiffs below. A motion for a new trial was overruled, and judgment entered against O'Connor; who thereupon sued out this writ of error.

The plaintiff in error questions the correctness of several rulings of the court below, as will be found in the opinion of the court.

Messrs. GLOVER, COOK & CAMPBELL, for the plaintiff in error.

1. The instruction given by the court, at the request of the plaintiff, was not the law, as it entirely prevented the jury from considering the evidence with reference to the defendant's second plea. This was a plea of property in the defendant, and under it he was entitled to show that the boat was his by any chain of title whatever.

2. The qualification asked by the defendant should have been given. The defendant was certainly entitled to show that the property was his by virtue of any legal sale, made before the commencement of the suit. If the third plea had not been filed at all, he certainly would have had this right; and, by filing it, he is only bound by the averments of that plea so far as the issue is made upon that plea. *Amos* v. *Sinnot*, 3 Scam. 449.

3. The instruction asked by the defendant, should have been given. Its legal effect is the same as the qualification asked to plaintiff's instruction, but is more fully expressed. The reasons for giving the qualification apply equally to the instruction.

Mr. G. S. ELDRIDGE, for the defendants in error.

1. The first plea admitted ownership in the plaintiff below, and the second being a plea of general ownership in the defendant, and *no evidence* being introduced of title in the defendant, except through a sale under such an execution as set out in the *third* plea, in which the defendant had therein specially alleged a sale (by virtue of the execution) on the *eighteenth of December*, the court might well deem that the defendant had elected to base his justification *solely* upon the state of facts set out in his third plea.

2. A party is not permitted to go to the jury upon two

inconsistent and contradictory propositions. Such a practice is calculated to mislead and take the other party by surprise, and should not be tolerated, and the instruction given for the plaintiff below was perfectly proper under the circumstances. *Winchell* v. *Latham*, 6 Cow. 682.

3. The evidence offered was entirely insufficient to show an alteration of the return on the writ. Moreover, it was clearly incompetent for the defendant to show an alteration, because, *first*, The return could not be impeached collaterally; *second*, The defendant below had justified under a levy made on the *eighteenth of December*, and was estopped after presenting one issue, and then, when unable to maintain it, from opening another directly in opposition to the first.

4. A party justifying under an execution sale in an action of replevin, must plead it specially; hence the instruction given was correct, and the judgment should be affirmed.

Mr. E. F. Bull, for the plaintiff in error, in reply, said it was a sufficient answer to the first and second points presented by the counsel for defendants in error, to say, that under our statute, a defendant may plead as many matters of fact in several pleas, as he shall deem necessary to his defense. Rev. Stat. 1845, p 415, Sec. 14.

As to the fourth point; it may be that an officer justifying a seizure of goods by virtue of an execution, in an action of replevin, should plead specially by setting out the execution, etc.; but the rule does not apply to a third person who sets up title derived by purchase at a sale made by the officer under an execution.

In a case like this, the defendant, under the general plea of property in himself, may show title, by whatever lawful means acquired, either by a voluntary sale, a conditional sale, or pledge, or a forced sale under an execution.

Mr. Justice Breese delivered the opinion of the Court.

This was an action of replevin for a canal boat, to which the defendant pleaded: first, *non detinet*; second, that the boat was the property of the defendant, and the following plea:

"And for a further plea in his behalf, defendant says *actio non*, etc., because he says that heretofore, to wit, at the September term of the La Salle County Court, A. D. 1858, to wit, on the 9th day of September, A. D. 1858, one Alfred Deane, and one Marvin Blanchard, recovered a judgment against the said plaintiff, for the sum of two hundred and six dollars and thirty-eight cents, besides costs, which judgment remained in full force on the 13th day of October, A. D. 1858, on which day an execution was issued out of the office of the clerk of said court, under the seal of said court, which execution was in due form of law, and issued upon the judgment aforesaid, which execution was then and there delivered to Eri L. Waterman, who was then and there sheriff of La Salle county, duly qualified and commissioned; and said Waterman afterward, to wit, on the 18th day of December, A. D. 1858, he being then and there acting sheriff of said county, levied upon said canal boat, which was then and there the property of said plaintiff, by virtue of said execution which was then and there in his hands wholly unsatisfied; and said Waterman, by virtue of said execution, afterwards, to wit, on the 19th day of January, sold said property at public auction to the defendant, he being the highest and best bidder therefor, and then and there delivered said boat to said defendant, and that said Waterman duly advertised said property for sale according to law, at the time aforesaid; all of which he is ready to verify, wherefore he prays judgment."

There were four replications to this plea, the *first*, that Waterman was not acting as sheriff; *second*, that he did not make sale of the boat by virtue of the execution, but of his own wrong; *third*, that Waterman did not, by virtue of said execution, levy upon said boat, but of his own wrong; and *fourth*, that on the eighteenth day of December, Francis Warner was sheriff of La Salle county, and alone authorized to make a levy.

Waterman himself, and his deputies, Grow and Chapman, through and by whom the sale and delivery of the boat were made, were examined as witnesses on the trial of these issues, and had we been sitting as the jury, we should have found

that the date of the levy of this execution had been altered from December 1 to December 18, by adding the figure 8, and by the addition of the word "late" to the return of Waterman. The proof certainly preponderates greatly in favor of such a finding. All the issues upon this plea were found for the plaintiff.

The following instruction was asked by the plaintiff:

" If the jury believe, from the evidence, that the canal boat in controversy, down to the time of the sale thereof on the execution in evidence, was the property of the Union Line Transportation Company, and defendant, O'Connor, has shown no title to said boat, or right to the possession thereof, except by virtue of the sale on the execution in evidence, then said O'Connor must recover, if at all, upon evidence to the satisfaction of the jury, of the truth of his averment in his third plea; and said O'Connor having averred in his said plea that the levy indorsed upon said execution was made on the 18th of December, 1858, he is estopped from now denying that said levy was made on the said 18th day of December, 1858."

To this instruction, the defendant desired the following qualification: "Under the plea of property, the defendant is at liberty to prove any legal sale to him, of the canal boat, before the beginning of this suit, without reference to the date mentioned in the third plea." This qualification was refused, and an exception taken. The defendant then asked this instruction:

" Under the plea of property in the defendant, it is not necessary to prove that the boat was levied on or sold on any particular day; it is sufficient to sustain this plea if it appears that, before this suit was commenced, the boat was sold to defendant under a valid judgment against the plaintiff, by virtue of a valid execution, by a proper officer."

This instruction was also refused, and exception taken, and these are the principal errors assigned on the record.

We are satisfied the qualification to plaintiff's first instruction should have been given, for although he had pleaded specially in the third plea, the execution and the proceedings

under it, it was his privilege to show under the second plea, any legal title to the property, no matter how derived. The whole field was open to him under the plea of property in himself, and therefore the court should have qualified the instruction as the defendant desired. By refusing to do so, the jury was precluded from an inquiry into the defendant's title, which he had a right to insist upon.

If this boat had been legally levied on and sold, by a valid execution issued on a valid judgment, before the commencement of this suit, and the defendant had become the purchaser, it was all sufficient to sustain the plea of property in himself. The court therefore erred in refusing the instruction. A valid judgment and execution, and a valid sale, were all that was necessary to make a title for the defendant.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*